UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA MILES, | No. 2:23-cv-1098 DAD AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| INGUANZO, et al., | |
| Defendants. | |

Plaintiff is a county prisoner[1] proceeding pro se with this civil action and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).

I. Procedural History

By findings and recommendations filed August 14, 2023, the undersigned recommended that this action be dismissed after plaintiff failed to file a certified copy of her trust account statement. ECF No. 12. Plaintiff has filed objections that state, among other things, that she was not currently being held at the jail, did not have access to her jail trust account statement, and has submitted paperwork from the state hospital. ECF No. 13. Review of the previously submitted application to proceed in forma pauperis shows that while plaintiff did not submit a trust account

---

[1] Although plaintiff was temporarily housed at the Napa County State Hospital (ECF No. 7), she was incarcerated at the Sutter County Jail at the time she filed the complaint (ECF No. 1) and the docket reflects that she recently filed a notice of change of address in another case stating that she has been returned to the jail's custody.

statement, she did have staff at the state hospital complete a certification showing she had no money in her account and that her average monthly balance for the past six months as $0. ECF No. 11 at 2. The August 14, 2023 findings and recommendations will therefore be withdrawn.

II.     Application to Proceed In Forma Pauperis

Plaintiff has moved for leave to proceed in forma pauperis. ECF Nos. 8, 11. "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987). For the reasons set forth below, the undersigned finds this action to be frivolous and will recommend that plaintiff's application to proceed in forma pauperis be denied.

III.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

"Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

IV.   Complaint

The complaint names over thirty individuals as defendants. ECF No. 1 at 2-3.  Review of the complaint shows that it fails to make any specific allegations against any individual and is largely unintelligible. Id. at 4-6, 25-29.  As best as the court can discern, plaintiff alleges that the police have kidnaped or enslaved her son, used him as bait, and tortured and brainwashed him. Id. at 4-5.  It appears that she is also alleging some kind of cult involvement and a coordinated effort to subject her to brainwashing, stalking, and false arrest and imprisonment. Id. at 5-6.  The complaint does not present plausible factual allegations or legally coherent theories of liability establishing a claim for relief. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a

3

category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." (internal citations omitted)).

V. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. The contents of the complaint, along with plaintiff's subsequent declaration (ECF No. 9), are sufficiently unintelligible that it is clear that leave to amend would not result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

VI. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because your allegations do not state any claims for relief and it does not appear the problems can be fixed.

Accordingly, IT IS HEREBY ORDERED that the August 14, 2023 findings and recommendations (ECF No. 12) are WITHDRAWN.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 8, 11) be DENIED.

2. The complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 13, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE